UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60185-CIV-WILLIAMS/VALLE

HOWARD COHAN,

    Plaintiff,

v.

BABY MARATHON, LLC,

    Defendant.
_____

### REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Final Default Judgment Against Defendant ("Motion"). (ECF No. 10). United States District Judge Kathleen Williams has referred the Motion to the undersigned for a Report and Recommendation. *See* (ECF No. 11). The undersigned has reviewed the Motion, the record in the case, and is otherwise fully advised. For the reasons set forth below, the undersigned respectfully recommends that the Motion be **GRANTED IN PART**.

### I.  BACKGROUND

On January 28, 2020, Plaintiff filed the instant action against Defendant Baby Marathon, LLC ("Defendant"), alleging claims under Title III of the Americans with Disabilities Act (the "ADA"). *See generally* (ECF No. 1). According to the Return of Service, on February 5, 2020, Plaintiff properly served the Summons and Complaint on Barbara Salas, as Registered Agent for Defendant. (ECF No. 6). Defendant failed to timely answer or otherwise respond to the Complaint. Thereafter, on March 6, 2020, the Clerk of Court entered a Clerk's Default against Defendant. (ECF No. 8). Plaintiff then filed the instant Motion under Rule 55(b)(2) of the Federal Rules of Civil

Procedure. (ECF No. 10). To date, Defendant has not defended against the litigation or responded to the Motion.

## II.     LEGAL STANDARDS

### A.     Default Judgment

Rule 55(b) of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining a default judgment against a defendant. *Abreu v. Free Flow Constr., Inc.*, No. 18-20244-CIV, 2018 WL 6492902, at *1 (S.D. Fla. Oct. 11, 2018), *report and recommendation adopted*, No. 18-20244-CIV, 2018 WL 6492904 (S.D. Fla. Oct. 30, 2018); Fed. R. Civ. P. 55. First, the Clerk of Court may enter a Clerk's Default when a defendant fails to plead or otherwise defend a lawsuit. *See* Fed. R. Civ. P. 55(a). Thereafter, the court may enter a final default judgment against the defendant. *See* Fed. R. Civ. P. 55(b).

A defendant who defaults "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[1] A defaulting defendant, however, does not admit any facts that are pleaded insufficiently or that are mere conclusions of law. *Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1259 (S.D. Fla. 2019) (citing *Nishimatsu*, 515 F.2d at 1206); *Transamerica Corp. v. Moniker Online Servs., LLC*, No. 09-60973, 2010 WL 1416979, at *1 (S.D. Fla. Apr. 7, 2010). Accordingly, because a defendant admits only those facts that are well pled, the default itself does not create the basis for a court's entry of final default judgment. *Nishimatsu*, 515 F.2d at 1206. Rather, a court must

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

determine whether the factual allegations are well pled and present a sufficient basis for the judgment.  *Id.*  Thus, a motion for default judgment "is not granted as a matter of right."  *Anda, Inc. v. Gramatan Pharmacy, Corp.*, No. 18-CV-62704, 2019 WL 5209318, at *1 (S.D. Fla. July 16, 2019) (quoting *Patray v. Nw. Pub., Inc.*, 931 F. Supp. 865, 868 (S.D. Ga. 1996)).

### B.     Americans with Disabilities Act

Title III of the ADA mandates that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a) (2020). Thus, to prevail on a Title III ADA discrimination claim, a plaintiff must sufficiently demonstrate that: (i) he is a disabled individual; (ii) the defendant owns, leases, or operates a place of public accommodation; and (iii) the defendant discriminated against the plaintiff within the meaning of the ADA.  *Haynes v. Kohl's Dep't Stores, Inc.*, 391 F. Supp. 3d 1128, 1133 (S.D. Fla. 2018) (quoting *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011)); *see also Poschman v. Coral Reef of Key Biscayne Devs., Inc.*, No. 17-CV-14363, 2018 WL 3387679, at *2 (S.D. Fla. May 22, 2018).  The ADA defines "discrimination" to include "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable."  42 U.S.C. §12182(b)(2)(A)(iv).  The ADA further requires that "[i]n the case of violations of section[] 12182(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by [law]."  42 U.S.C. § 12188(a)(2).

### III.  DISCUSSION

####     A.    Plaintiff Has Standing to Bring an ADA Claim

To establish standing to seek injunctive relief in federal court, a plaintiff must prove that (i) he has suffered an "injury-in-fact;" (ii) there is "a causal connection" between the injury-in-fact and the challenged action of the defendant; and (iii) "the injury will [likely] be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citation omitted). However, "[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (quoting *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)). Thus, a plaintiff lacks standing to seek injunctive relief "unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." *Shotz*, 256 F.3d at 1081.

Here, Plaintiff asserts that on December 20, 2019, he visited the premises and, at the time, suffered from a "qualified disability under the ADA." *See* (ECF No. 1 ¶¶ 7-8). Plaintiff further alleges that, when he visited the premises, he was "denied full and equal access and . . . enjoyment of the facilities, services, goods, and amenities within the [p]remises, even though he was a bona fide patron." *Id.* ¶ 8. Plaintiff also avers that he "would like to be able to be a patron of the [p]remises in the near future and . . . enjoy the goods and services that are available to the able-bodied public, but [he] is currently prohibited from doing so as a result of Defendant's discriminatory conduct." *Id.* ¶ 12. Moreover, Plaintiff "will absolutely return to the [p]remises in the near future and avail himself [of] the services offered at the [p]remises when Defendant

modifies the [p]remises or modifies the policies and practices to accommodate individuals who have physical disabilities." *Id.* ¶ 9.

Accepting these allegations as true, Plaintiff has sufficiently alleged injury-in-fact, causal connection, and likelihood of redressability. Plaintiff has also sufficiently alleged facts that give rise to an inference that he will suffer future discrimination by the Defendant. Thus, Plaintiff has established standing to bring an ADA claim for injunctive relief.

### B. Plaintiff Has Sufficiently Stated a Claim Under the ADA

Plaintiff alleges that, at the time of his visit to Defendant's premises, Plaintiff suffered from a "qualified disability" under the ADA.[2] *See* (ECF No. 1 ¶ 8). Plaintiff further alleges that he "personally visited Defendant's premises, but was denied full and equal access, and full and equal enjoyment of the facilities, services, goods, and amenities within the [p]remises, even though he was a bona fide patron." *Id.* Additionally, Plaintiff alleges that Defendant is the "lessee, operator, owner and/or lessor of the [r]eal [p]roperty . . . located at 1490 W. State Road 84, Fort Lauderdale, Florida 33315," which is a place of public accommodation. *Id.* ¶¶ 4-5.

More specifically, Plaintiff alleges eleven separate ADA violations in the unisex restroom and three additional ADA violations in the food service seating area. *Id.* ¶¶ 25, 26. As a result of

---

[2] Plaintiff alleges that he suffers from several permanent disabilities, including:

> [S]evere spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb.

*See* (ECF No. 1 ¶ 7). Plaintiff further alleges that, as a result of these ailments, Plaintiff "suffers body weakness, mobility limitations, abnormal ga[it], and abnormal balance," as well as a restricted ability to "lift, reach, bend, stretch, and twist." *Id.*

5

these violations, Plaintiff alleges that he "has been denied full and safe equal access to the facilities, and [has] therefore suffered an injury in fact." *Id.* ¶ 21. Plaintiff further alleges that he will suffer a future injury, as he intends to "absolutely return to the premises in the near future." *Id.* ¶¶ 9, 23.

Accepting these allegations as true, Plaintiff sufficiently alleges an ADA Title III claim for injunctive relief. The undersigned, therefore, recommends that Plaintiff's Motion for Default Judgment be granted.

### C. Plaintiff's Request for Attorney's Fees and Costs

Having determined that Plaintiff is entitled to a default judgment, the undersigned next considers Plaintiff's request for attorney's fees and costs. *See* (ECF No. 10 at 6-7). A successful ADA plaintiff can recover "reasonable attorney's fees and costs," including litigation expenses. *See* 42 U.S.C. § 2000a-3(b); 42 U.S.C. § 12205 (providing "reasonable attorney's fee, including litigation expenses, and costs" to the prevailing party).

In the instant case, Plaintiff seeks $3,375 in attorney's fees based on an hourly rate of $375 for attorney Jason S. Weiss ("attorney Weiss"), and 1.6 hours of paralegal work based on a $175 hourly rate, for a combined total of $3,655 in attorney and paralegal fees. *See* (ECF No. 10-1 at 3-5). Plaintiff also seeks $2,350 in costs and litigation expenses. *Id.* at 5.

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299). The "fee applicant bears the burden of

6

establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). In awarding attorney's fees, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

### 1. Reasonable Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1350 (S.D. Fla. 2006) (quoting *Norman*, 836 F.2d at 1299). The relevant market is "the place where the case is filed." *Barnes*, 168 F.3d at 427.

Here, the relevant legal community is South Florida. In determining reasonable hourly rates in the relevant legal market, the undersigned may also consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974))[3]. Additionally, the

---

[3] Under *Johnson*, the Court should consider the following factors in determining whether requested attorney's fees are reasonable:
    (1) the time and labor required;
    (2) the novelty and difficulty of the questions presented;
    (3) the skill requisite to perform the legal service properly;
    (4) the preclusion of other employment by the attorney due to acceptance of the case;

undersigned "may consider [her] own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303).

Although Plaintiff did not provide any information regarding attorney Weiss's educational and professional background in support of the requested $375 hourly rate, *see generally* (ECF No. 10), the undersigned's review of the Florida Bar website confirms that attorney Weiss graduated from University of Miami Law School in 2000, and has been practicing law for 20 years. *See* State Bar of Florida, Member Profile of Jason S. Weiss, https://www.floridabar.org/directories/find-mbr/?barNum=356890 (last visited October 26, 2020). In addition, the undersigned's review of Weiss Law Group, PA's website confirms that attorney Weiss is the Managing Partner of Weiss Law Group, PA and is a member of the Florida Bar and the Bar of this District. *See* Weiss Law Group, PA, Profile of Jason S. Weiss, Esq., http://www.jswlawyer.com/about/#tab-id-3 (last visited July 28, 2020).

Other courts in this District have found $350 to be a reasonable hourly rate for attorney Weiss' services in ADA cases. *See Cohan v. Interzone, Inc.*, No. 18-80522-CV, 2019 U.S. Dist. LEXIS 55668, at *6 (S.D. Fla. Mar. 29, 2019) (reducing attorney Weiss's requested hourly rate from $375 to $350 in ADA case); *Martinez v. Oil Depot, Inc.*, No. 17-CV-14130, 2017 U.S. Dist.

---

(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation, and ability of the attorneys;
(10) the "undesirability" of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

*Johnson*, 488 F.2d at 717-19.

LEXIS 114150, at *8 (S.D. Fla. July 19, 2017) (awarding fees to attorney Weiss at $350 hourly rate). The undersigned has considered the relevant *Johnson* factors, counsel's affidavit, counsel's time records, and the record in this case. Based on this review and the Court's own judgment and expertise, and consistent with other district court rulings in this jurisdiction, the undersigned finds that a reduction in attorney Weiss's hourly rate from $375 to $350 is appropriate.

Plaintiff also requests compensation for paralegal work at an hourly rate of $175. The undersigned finds this hourly rate to be reasonable and consistent with awards for paralegal work in this District. *See Cohan v. SNJ Petroleum, Inc.*, No. 19-CV-81077, 2020 WL 1844203, at *3 (S.D. Fla. Mar. 10, 2020) (finding that an hourly rate of $175 for paralegal work was reasonable in an ADA case); *see also Cohan v. Deerfield Dandee, Inc.*, No. 18-63006-CIV, 2019 U.S. Dist. LEXIS 105151, at *9 (S.D. Fla. June 21, 2019) (concluding that a $150 hourly rate is a reasonable rate for a paralegal in an ADA case). Thus, the undersigned finds that the paralegal's $175 hourly rate is reasonable.

  2. *Reasonable Hours Expended*

Having determined the reasonable hourly rates in this case, the undersigned next addresses the reasonableness of the hours expended by the attorney and paralegal working on the case. As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment." *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman,* 836 F.2d at 1301. Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for

them." *Barnes*, 168 F.3d at 428.  In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

Plaintiff seeks compensation for 9 hours of attorney work, performing legal research, drafting legal documents, reviewing court documents, and communicating with Plaintiff. *See generally* (ECF No. 10-1). The Court finds that attorney Weiss' time spent on these tasks are recoverable. Moreover, nine hours of attorney time on a default ADA case is not unreasonable. *See Kennedy v. Mahadev, LLC,* No. 19-62349-CIV, 2020 U.S. Dist. LEXIS 6135, at *4 (S.D. Fla. Jan. 13, 2020) (finding 9 hours of attorney time reasonable in a default ADA case); *Kennedy v. Fountains of Boynton Assocs., Ltd.*, No. 16-81902-CIV, 2017 WL 5957662, at *4 (S.D. Fla. Nov. 6, 2017) (finding 12.9 hours of attorney time reasonable in a default ADA case). Thus, the undersigned finds it reasonable to award Plaintiff $3,150 in attorney's fees (9 hours at $350 per hour).

Plaintiff also requests compensation for 1.6 hours of paralegal work. *See* (ECF No. 10-1 at 4-5). "A court may award fees for the work of paralegals, but only to the extent they perform work traditionally done by an attorney." *Hansen*, 420 F. Supp. 2d at 1353. However, "work that is clerical or secretarial in nature is not separately recoverable." *Id.* Here, the time records reveal that the paralegal spent 1 hour "draft[ing] [the] summons and civil cover sheet," 0.2 hours "coordinat[ing] service of [the] complaint," and a combined total of 0.4 hours "filing" documents. *See* (ECF No. 10-1 at 4-5). Other than the one hour spent drafting the summons and civil cover sheet, all other tasks performed by the paralegal are clerical, not "work traditionally done by an attorney," and therefore not recoverable*. See Pinero v. Michael and Sonia Cohen Rev. Liv. Trust,* No. 09-61234-CIV, 2010 WL 2927181, at *7 (S.D. Fla. June 30, 2010) (awarding fees for time spent preparing summons, complaint and civil cover sheet). Clerical or secretarial tasks that

10

require no legal skill or training, such as scheduling, filing, and e-filing, should not be billed at an attorney or paralegal rate, as they are simple administrative tasks that can easily be completed by a full-time secretary. *Martin v. Italian Cabinetry, Inc.*, No. 18-CV-24958, 2019 WL 3429919, at *3. Moreover, this Court has previously denied fees to attorney Weiss's paralegal for work similar to that billed in the instant case. *See Interzone*, 2019 U.S. Dist. LEXIS 55668, at *6 (denying paralegal fees for serving the expert witness list, coordinating mediation, and filing return of service and default documents). Accordingly, the undersigned concludes that Plaintiff should recover for only one hour of paralegal work, for a total of $175.

    3.    *Expert Fees and Costs*

In addition to attorney and paralegal fees, Plaintiff seeks to recover $450 in costs and a $1,900 "expert fee," for a total of $2,350 in costs and litigation expenses. *See* (ECF No. 10-1 at 5).

A prevailing ADA plaintiff may recover expert fees as a litigation expense. *Hansen*, 420 F. Supp. 2d at 1353. Here, however, Plaintiff's request for expert fees lacks back-up documentation, supporting invoice or detailed explanation. (ECF No. 10-1 at 5). Where a party fails to sufficiently support the requested expert fees, courts have either denied expert fees altogether or reduced the fees by a percentage. *Compare Fountains of Boynton Assocs., Ltd.*, 2017 WL 5957662, at *5 (denying request for expert fees because plaintiff provided no details regarding services provided, time spent on any task, the expert's rates, the nature of the work, the date the work was completed, or anything other than the total charge) *with Caplan v. Vaval,* No. 18-21880-CV, 2019 U.S. Dist. LEXIS 144891, at *11-12 (S.D. Fla. Feb. 28, 2019) (reducing expert's fee due to lack of detail as to how many hours expert spent working) *and Houston v. S. Bay Inv. #101, LLC*, No. 13-80193-CV, 2013 WL 3874026, at *3 (S.D. Fla. July 25, 2013) (reducing expert fee

because plaintiff did not specify the time spent on individual tasks or indicate whether other courts found similar prices reasonable).

Here, Plaintiff provided no detail *whatsoever* regarding any of the services purportedly provided by the expert, the time spent on any task, the expert's rates, the nature of the work, the date the work was completed, or anything other than the total charge. *See id*. Accordingly, the undersigned recommends that the requested expert fee ($1,900) be denied.

Lastly, Plaintiff seeks an award of costs, including filing fees ($400), process server fees ($45), postage fees ($2), and copy fees ($3), totaling $450. *See* (ECF No. 10-1 at 5). These costs are reasonable and recoverable under 28 U.S.C. § 1920 and as "advancement of litigation" under 42 U.S.C. § 12205. Accordingly, Plaintiff should be awarded these costs.

In sum, Plaintiff should be awarded $450 in costs ($400 + $45 + $2 + $3 = $450).

## IV.   RECOMMENDATION

Accordingly, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Entry of Final Default Judgment Against Defendant (ECF No. 10) be **GRANTED IN PART**. Specifically, the Court should: (i) enter a Final Default Judgment against Defendant; (ii) award Plaintiff $3,325 in fees; and (iii) award Plaintiff $450 in costs.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 11th Cir. R. 3-1 (2020); *Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on October 27, 2020.

/s/ Alicia O. Valle
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Kathleen Williams
    All Counsel of Record